December 21, 1995
 [NOT FOR PUBLICATION]
 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 95-1315 

 ANTHONY NORMAN,

 Plaintiff, Appellant,

 v.

 ELAINE ELIAS, ET AL.,

 Defendants, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Morris E. Lasker, Senior U.S. District Judge] 

 

 Before

 Selya, Cyr and Stahl,
 Circuit Judges. 

 

Anthony Norman on brief pro se. 
Scott Harshbarger, Attorney General, Robert Patten, Assistant 
Attorney General, Nancy Ankers White, Special Assistant Attorney 
General, and Richard C. McFarland, Supervising Counsel, Department of 
Correction, on brief for appellees.

 

 

 Per Curiam. Pro se appellant Anthony Norman 

appeals from the district court's Fed. R. Civ. P. 12(b)(6)

dismissal of his civil rights suit against various state

officials. We affirm.

 1. Violation of Due Process 

 Norman alleged that defendants violated his federal

due process rights by suspending his visitation privileges

for over six months, without a hearing. Defendants suspended

his privileges when he refused to provide a urine sample to

be tested for drug use and was determined to have used or

possessed marijuana at the Massachusetts Treatment Center in

Bridgewater, where he is confined. Norman may assert a due

process violation only if he has a liberty interest in

remaining free from the restrictions imposed on him by state

officials. 

 In its decision, the district court correctly

explained why Norman had no liberty interest arising directly

under the 14th Amendment due process clause or based on the

federal consent decree in King v. Greenblatt. There is no 

need to repeat its analysis here.1 Under law controlling at

the time it dismissed this case, the district court also

correctly determined that Norman had no state-created liberty

  

1. On appeal, Norman argues that the consent decree in
Williams v. Lesiak granted him a liberty interest in visiting 
privileges, but that decree does not even address itself to
the question of visiting privileges at the Treatment Center. 

interest. We need not decide whether Norman has a protected

liberty interest under state law under the new methodology

set forth in Sandin v. Conner, -- U.S. --, 115 S. Ct. 2293 

(1995), because we affirm the court's decision on that

question on other grounds. 

 Norman sought money damages for the alleged due

process violation, declaratory relief, and an injunction

ordering defendants not to enforce state regulations

permitting the suspension of visiting privileges against him.

But defendants are state officials, and Norman may not seek

money damages against them in their official capacity. Will 

v. Michigan Department of State Police, 491 U.S. 58, 71 

(1989). Nor may he obtain money damages against them in

their individual capacities because they are protected by

qualified immunity. At the time defendants suspended

Norman's visiting privileges, Norman had no due process

liberty interest in being free from such a restriction under

then controlling law. Thus, defendants had no obligation to

provide him with a hearing. Because defendants did not

violate any clearly established constitutional right, they

have qualified immunity. Febus-Rodriguez v. Betancourt- 

Lebron, 14 F.3d 87, 91 (1st Cir. 1994). 

 Norman's request for injunctive relief is moot.

The record shows that his visiting privileges have been

restored, and he does not assert that any new suspension is

 -3-

imminent. Because Norman cannot obtain money damages or

injunctive relief, his request for declaratory relief is

moot, too. See Browning Debenture Holders' Committee v. DASA 

Corp., 524 F.2d 811, 817 (2d Cir. 1975) ("When, as here, an 

issue is rendered moot by plaintiff's failure to specify . .

. operative relief, and the remedy sought is a mere

declaration of law without implications for practical

enforcement upon the parties, the case is properly

dismissed.").

 2. Violation of Federal Consent Decrees 

 Norman claims that defendants violated consent

decrees entered in two federal district court cases, Williams 

v. Lesiak and King v. Greenblatt. We find his arguments to 

be without merit. 

 DMH officials obviously acted in "concert" with DOC

in promulgating the substance surveillance abuse policy with

which Norman failed to comply. The policy itself shows that.

Although DMH's reviewing authority apparently failed to sign

the policy, the policy was nonetheless effective. Thus,

defendants did not violate the provision cited by Norman in

the decree entered in Williams. Furthermore, Norman has 

waived, by failing to raise it below, his claim that the

initial suspension of his visiting privileges by the

Superintendent of the Treatment Center, a Department of

Corrections employee, violated other provisions in the

 -4-

Williams decree. United States v. Ocasio-Rivera, 991 F.2d 1, 

3 (1st Cir. 1993) (claims not raised in the district court

are not preserved for appeal). In any event, the

Administrator of the Treatment Center reviewed the suspension

and essentially affirmed it, suggesting that the suspension

of privileges took place in full compliance with the decree.

 Nor do we think that defendants violated the

provision cited by Norman in the decree entered in the King 

case. The letters communicating the Superintendent's initial

decision to suspend Norman's privileges evinced no punitive

intent, but only a legitimate interest in enforcing security

at the Treatment Center. 

 3. State Claim 

 Norman argues that the Superintendent's initial

suspension of visiting privileges violated a state regulation

authorizing the Administrator of the Treatment Center to deny

visiting privileges. But the regulation also defines

"Administrator" to include "his/her designee." 104 CMR 

8.02(6). Since the Administrator reviewed and essentially

affirmed the Superintendent's suspension of visiting

privileges, we conclude that the Superintendent effectively

acted as the Administrator's designee for purposes of

initially determining whether Norman's misconduct warranted

that suspension. 

 4. Remaining Claims 

 -5-

 Norman's reply brief raises claims which were not

raised below or in his initial brief. For that reason, they

are deemed waived, and we do not consider them. Ocasio- 

Rivera, supra; Playboy Enterprises v. Public Service Comm'n, 

906 F.2d 25, 40 (1st Cir.), cert. denied, 498 U.S. 959 (1990) 

(claims not raised in an initial appellate brief are waived).

 Affirmed. 

 -6-